(18 App. Div. 351.)

UNDERHILL v. RODWELL.

(Supreme Court, Appellate Division, Second Department. June 22, 1897).

PAYMENT TO LEGATEE—RECOVERY—EVIDENCE.

For an executor to recover part of a payment made by him to a legatee, it is not enough to show that the decree on accounting by him made him a certain allowance, and that there is not enough to show unless part of the payment be recovered; it must also be shown that the payment was not voluntary, but was made under circumstances entitling him to recover it back.

Appeal from city court of Brooklyn.

Action by Silas A. Underhill against Ella F. Rodwell. From a judgment on a verdict for plaintiff for part only of the amount claimed, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Reuben H. Underhill, for appellant.
Henry Manne, for respondent.

PER CURIAM. The complaint contains two causes of action. The first avers that, through inadvertence, the plaintiff overpaid to the defendant a sum of money, amounting to more than the sum to which the defendant was entitled for her share or legacy in the estate of Thomas G. Rodwell, deceased, of which estate the plaintiff was the executor, as settled upon the accounting by said executor, and entered in the final decree by the surrogate of Kings county. The second cause of action is for the balance of a bill due from the defendant for professional services. A trial was had, resulting in a verdict in favor of the plaintiff for the sum due for professional services, and allowing nothing for the claim made on account of the overpayment. The plaintiff now insists that the decree of the surrogate is a binding, final decree, and, as such, is conclusive upon the defendant, and entitled the plaintiff to recover the sum established thereby as his costs and allowances. It may be assumed that, if plaintiff had not made the payment, the decree would be conclusive as to the amount which was therein adjudged to the plaintiff as and for his costs and allowances. But such assumption does not meet the present question. The money for which this action is brought was in fact paid by the plaintiff. The decree did not determine that such money should be repaid to the plaintiff by the defendant, in consequence of which proof of the decree alone did not establish that the defendant was indebted to the plaintiff in any sum. Before the plaintiff could recover, he was required to establish, not

alone the decree, but that the payment was made under such circumstances as entitled him to recover it back. Voluntary payment might have been made by the plaintiff, with full knowledge of the facts, and, if so, no action would lie to recover it back. Bazen v. Roget, 3 Johns. Cas. 67; Windbiel v. Carroll, 16 Hun, 101; Southwick v. Bank, 84 N. Y. 420. Nothing in the decree throws any light upon this question. It was the claim of the defendant that, by agreement of the parties, the payment as made was to stand, and each was to receive nothing as against the other. This claim was not in conflict with anything contained in the decree, and, as the jury found in favor of the defendant upon that claim, it becomes conclusive upon the plaintiff.

The judgment should be affirmed, with costs.